IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY L. BELL,** | Case No. 3:15-cv-02235-SB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **UNITED STATES VETERANS ADMINISTRATION,** | |
| Defendant. | |

MOSMAN, J.,

Jeffrey Bell ("Plaintiff") currently has nearly identical *pro se* complaints pending against the United States Veterans Administration ("Defendant" or "VA") in the United States District Court for the District of Oregon. *Compare* Compl. at 1-4, *Bell v. United States*, No. 3:15-cv-02176-SB (D. Or. Nov. 19, 2015) ("the first-filed action"), *with* Compl. at 1-5, *Bell v. United States*, No. 3:15-cv-02235-SB (D. Or. Nov. 30, 2015) ("the second-filed action"). Both of Plaintiff's actions allege

Page 1 - ORDER OF DISMISSAL

negligence on the part of a VA neurologist who treated Plaintiff on October 10, 2013, and the first-filed action is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Sturdza v. United Arab Emirates*, No. 09–0699, 2009 WL 1033269, at *1 (D.D.C. Apr. 16, 2009) (citation and quotation marks omitted). Where, as here, "a plaintiff brings duplicative claims against the same defendant, rather than allowing both cases to proceed or consolidating the two cases, '[t]he better course is to dismiss the claims' in the new case as duplicative of the already-pending claims." *Bowe-Connor v. McDonald*, No. 15-cv-0269, 2015 WL 807537, at *1 (D.D.C. Feb. 25, 2015) (citation and ellipses omitted); *Phelps v. Stomber*, 883 F. Supp. 2d 188, 233 (D.D.C. 2012) ("[P]laintiffs may not file duplicative complaints in order to expand their legal rights." (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000))). The "bar against duplicative pleadings applies to all plaintiffs, whether they are represented by counsel or proceeding *pro se*." *Bowe-Connor*, 2015 WL 807537, at *1 (dismissing duplicative *pro se* action based on considerations of "wise judicial administration," and noting the district court's "inherent power[] to dismiss a suit that is duplicative of another suit in federal court"); *Clayton v. Dist. of Columbia*, 36 F. Supp. 3d 91, 94 n.1 (D.D.C. 2014) ("*Sua sponte* dismissal of an action duplicative of a parallel action already pending in another federal court is allowable as an exercise of 'wise judicial administration.'") (citation and ellipses omitted).

The complaint in the second-filed action is duplicative of the complaint in the first-filed action. The second-filed action is therefore DISMISSED without prejudice. *See Brown v. City & Cnty. of S.F. Dist. Att'y*, 31 F. App'x 412 (9th Cir. 2002) (holding that the district court did not abuse its discretion in dismissing, as duplicative, complaint that named the same party and raised the same

issues as a previously-filed federal action); *Knight v. United States*, No. 3:13-cv-01160-BR, 2013 WL 4828739, at *3 n.2 (D. Or. Sept. 6, 2013) (dismissing *pro se* plaintiff's claim because, among other reasons, plaintiff filed the same claim in a state action that was removed to and pending in federal court, noting that "Plaintiff has no right to have two actions pending based on the identical facts"); *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) ("Lewis's duplicative claim should be dismissed without prejudice to Lewis's prosecution of his claims in the other currently pending case.").

IT IS SO ORDERED.

Dated this 21 day of December, 2015.

MICHAEL W. MOSMAN
United States District Judge